| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JERRY WAYNE PIXLEY, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 9:21-CV-30 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Jerry Wayne Pixley, an inmate currently confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (#30). Petitioner filed what appear to be objections to the Report and Recommendation (#32). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommends dismissing this petition as the claims are either unexhausted and procedurally barred or lack merit (#30). A review of Petitioner's objections reveals that he does not specifically challenge a finding of the magistrate judge, but rather merely protests his innocence. To the extent this can be considered an objection to the findings of the magistrate judge as to Petitioner's claim of actual innocence, any such objection is overruled. As outlined by the magistrate judge, Petitioner does put forth any new evidence. Instead, he argues

the evidence at trial was insufficient to convict him. The magistrate judge also reviewed Petitioner's claim of insufficiency of the evidence and found that the state court's determination was not an unreasonable application of clearly established federal law, as determined by the Supreme Court, and the claim should be denied as lacking in merit. Petitioner, here, again makes no such showing.

## ORDER

Accordingly, Plaintiff's Objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#30) is **ADOPTED**. A final judgment will be entered separately.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the

penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 20th day of March, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE